IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS HOUSTON, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SARACEN ENERGY ADVISORS, L.P., § <br> SARACEN L.L.C., SARACEN ENERGY § <br> POWER ADVISORS L.P., NEIL E. § <br> KELLY, and MICHAEL K. KUTSCH, § <br> § <br> Defendants. § | Civil Action No. 4:08-cv-1948 |

## SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO REMAND

Defendants Saracen Energy Advisors LP, Saracen LLC, Saracen Energy Power Advisors LP, Neil E. Kelley, and Michael R. Kutsch (collectively, "Saracen") file this sur-reply in further opposition to plaintiff's motion to remand and would respectfully show as follows.

### INTRODUCTION

In a lengthy reply brief, plaintiff Thomas Houston ("Houston") claims that the Court should ignore the evidence establishing how the Plan actually operates because these surrounding circumstances are mere "happenstance." He retreats from his prior contention that intent is irrelevant to the ERISA inquiry, but asks the Court to ignore the expressed intent in the Plan because, he claims, it is merely a "naked purpose" to be covered by ERISA.

Houston is wrong on the facts and the law. The Department of Labor and Fifth Circuit law require consideration of all surrounding circumstances to determine whether the Plan results in the systematic deferral of income to the termination of covered employment and beyond. The evidence before the Court demonstrates that the Saracen Plan has had just that effect. Moreover, the Plan's expression of intent quotes verbatim the ERISA statute delineating top-hat plans, so it

is difficult to see how Houston can argue that this language somehow reflects an intent that the Plan not be covered by ERISA. Looked at as a whole, it is apparent that the Saracen Plan was intended to be an ERISA plan and has operated to date in a manner that would make it an ERISA plan. It is, in fact, an ERISA plan. The motion to remand should be denied.

**ARGUMENT AND AUTHORITIES**

**I.   The Court Can and Should Consider the Siciliano Affidavit**

Houston objects to the affidavit of Peter Siciliano, which was attached to Saracen's Opposition (and a corrected version of which was filed with Saracen's Supplement to Opposition to Motion to Remand (Dkt. No. 10)), because Siciliano was not listed on Saracen's Initial Disclosures. Saracen has amended its Disclosures to identify Siciliano. Therefore, Houston's objection is moot. The Court can and should consider the evidence, which is unrebutted by Houston, in determining whether the Plan constitutes an ERISA-governed plan.

**II.  Houston's Plea that the Court Ignore the Surrounding Circumstances Should Be Rejected**

Houston cannot dispute that the Plan has operated to defer income for a significant number of its participants beyond the termination of covered employment. In fact, not a single participant in the Plan has received any benefits to date, and already 25% of the Plan participants are no longer employed by Saracen. These facts show that "the operation of administration of the Plan . . . resulted in deferral of income for employees extending to termination of covered employment or beyond," which the Department of Labor has recognized means that "the Plan could be an employee pension benefit plan as a result of surrounding circumstances." *See* DOL Op. No. 84-12A, 1984 WL 23427, at *2 (1984). Saracen cited this and other Department of Labor opinions in its Opposition, *see* Opp. at 6, yet Houston, in a 21-page reply, does not even

mention it.  *See also Murphy v. Inexco Oil Co.*, 611 F.2d 570, 576 (5th Cir. 1980) (relying on Department of Labor opinion to determine whether plan met the requirements of ERISA).

Instead, Houston asks the Court to ignore these surrounding circumstances because "[s]urrounding circumstances that are mere happenstance, and not part of a plan's design, are not relevant."  Reply at 13.  To the extent this confusing formulation is meant to suggest that only certain surrounding circumstances can even be considered by the Court in answering the ERISA question, it bears mentioning that no court has ever adopted this view.  Courts do not interpose a separate question of whether each individual proffered surrounding circumstance meets some ill-defined standard of "relevance."  On the contrary, the approach unanimously endorsed by courts is to consider all of the surrounding circumstances to determine whether they reveal a Plan that "systematically" defers income to the termination of covered employment or one that merely does so on occasion by "happenstance."  Put differently, none of the cases cited by Houston involved a court identifying a surrounding circumstance but refusing even to consider it; instead, all of the cases cited by Houston considered all of the surrounding circumstances and, based on its evaluation of those circumstances, determined that the Plan either did or did not result in a systematic deferral of income to termination of covered employment or beyond.

When those facts are considered here, there is no doubt that they show a plan that operates systematically to defer income to the termination of covered employment and beyond.  Houston erects a strawman by claiming Saracen failed to specify a particular percentage of employee departures that is necessary.  Webster's defines "systematic" as "[o]f or pertaining to system; consisting in system; methodical; formed with regular connection and adaptation or subordination of parts to each other, and to the design of the whole" as well as "[p]roceeding according to system, or regular method."  *See* WEBSTER'S REVISED UNABRIDGED DICTIONARY.

Roget's Thesaurus indicates synonyms such as "methodical," "regular," and "orderly." *See* ROGET'S II: THE NEW THESAURUS. The appropriate question, therefore, is whether the fact that 25% of the Plan participants are currently beyond the scope of their covered employment indicates that income from the Plan is regularly, methodically, orderly—*i.e.*, "systematically"—deferred to the termination of covered employment. Such a sizeable portion of Plan participants (which could grow even larger, since none of the Plan participants are yet eligible for any benefits) whose access to their Plan benefits will occur only after the termination of their covered employment surely fits that bill.

### III. Houston Cannot Escape the Plain Intent of the Plan to Implement a Pension Plan Subject to ERISA

Houston has properly abandoned his argument in his original motion that the intent of the Plan is irrelevant to the question of the applicability of ERISA. *See* Motion at 15-16. Now, Houston resorts to mischaracterizing Saracen's argument in a vain effort to discredit the plain intent expressed in the Plan.

Houston claims Saracen "focus[es] on the irrelevant naked purpose . . . to opt in to ERISA" while ignoring whether the purpose is to defer income to the end of covered employment. Reply at 7. That is simply not the case. Indeed, the statement of intent found in the Plan (which Houston scrupulously avoids mentioning) ***quotes verbatim*** the language of the ERISA statute that relates to top-hat plans. *Compare* Plan at § 1.2 (stating intent of "a plan that is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees"), *with* 29 U.S.C. § 1101(a)(1) (describing a type of ERISA plan that is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees").

The best Houston can do to explain away this intent is to speculate that the plan drafters quoted the language of an ERISA top-hat plan and expressed an intent that the Plan be an ERISA top-hat plan because the drafters were concerned about "the off chance that the Plan were later held to be an ERISA plan." Reply at 6. Suffice it to say that quoting ERISA and requiring the plan to be "interpreted and administered" as an ERISA top-hat plan would surely have been a strange way to express an intent that the plan ***not*** be covered by ERISA. Houston's strained analysis only crystallizes the inapposite nature of the cases Houston purports to rely on, which find no ERISA plan in part because intent evidence such as that expressed in the Saracen Plan was absent in those cases.[1] *See* Opp. at 10-11 & n.2.

Moreover, much as Houston may wish it not to be the case, the Plan's language is not a statement of "naked purpose . . . to opt in to ERISA." Reply at 7. The Plan is required to be "interpreted and administered to the extent possible in a manner consistent with that intent." The cases Houston relies on hold that an intent to craft a plan that complies with ERISA cannot overcome the fact that the plan was not established by an "employer" as that term is defined in the statute. *See* Opp. at 11-12 (distinguishing *Meredith v. Time Ins. Co.*, 980 F.2d 352 (5th Cir. 1993), and *MD Physicians & Associates, Inc. v. State Bd. of Ins.*, 957 F.2d 178 (5th Cir. 1992)). This obvious point is irrelevant here, where the Plan's expressed intent speaks directly to the issue at hand, namely, does the Plan operate in such a way as to constitute an ERISA-governed

---

[1] Houston also argues that the Plan's express reference to preemption cannot support an inference of intent to establish an ERISA plan because, Houston claims, if that were the case there would be no purpose to the Texas choice-of-law clause whatsoever. *See* Reply at 6-7. That is not the case. While all of Houston's claims are preempted because they are related to the ERISA top-hat plan, that does not mean the Texas choice-of-law clause is irrelevant. ERISA plans are governed by federal common law, and courts have recognized that "Congress intended for the courts, borrowing from state law where appropriate, and guided by the policies expressed in ERISA and other federal labor laws, to fashion a body of federal common law to govern ERISA suits." *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir. 1985). Moreover, the choice-of-law clause would govern any disputes that might arise that do not relate to the operation or implementation of the Plan.

plan. Intent cannot make an entity an employer if it is not one to begin with. It can, however, influence and instruct whether a plan is administered and operated in a manner consistent with ERISA's requirements. The Saracen Plan requires that its intent to come within the requirements of an ERISA top-hat plan guide the interpretation and administration of the Plan.

In sum, the Plan contains an explicit provision stating its intent to be governed as an ERISA top-hat plan, using the exact language found in ERISA. The provision further instructs that the Plan is to be administered and interpreted in such as way that it will come within ERISA's requirements. And the surrounding circumstances identified above demonstrate that, even in the short period of time in which the Plan has been in place, it has, in fact, operated to systematically defer income to the termination of employment in beyond. The Plan is an ERISA plan, and removal was proper.

### IV. Houston's Claim that Jurisdiction Will Be Indeterminable if Surrounding Circumstances Are Considered is Erroneous

Houston claims that any consideration of the way the Plan actually operates should be ignored because otherwise "ERISA coverage—and federal-court jurisdiction—would presumably change from year to year as the percentage of participants at a company ebbs and flows." Reply at 14. This manufactured fear of jurisdictional chaos is contrary to Supreme Court authority.

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (citation and footnote omitted); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("The rationale for determining removal jurisdiction on the basis of claims in the state court

complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final. . . .").

The reason for this rule is because the Supreme Court recognizes as commonplace what Houston presents as a potential judicial nightmare. "The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful." *Id.* at 580.

Houston's suggestion that jurisdiction might vary based on each and every change in the percentage of participants is not only contrary to law; it also substantially overstates the potential changes that might impact the plan's ERISA status by once again attempting to impose a rigid, mathematical formula on the fact-intensive, surrounding circumstances test. The question at all times is whether those circumstances establish a plan that regularly, methodically, systematically defers compensation to the end of covered employment. If, next year, the percentage of participants in the Plan who are no longer employed by Saracen is 30%, or even 20%, rather than 25%, it will make no difference to this analysis. Finally, if the Court believes it is necessary to resolve these factual issues on the merits to determine jurisdiction, the appropriate procedure is not to remand the case, but instead to retain jurisdiction until the merits can appropriately be addressed. *See Clark v. Tarrant County, Tex.*, 798 F.2d 736, 741-42 (5th Cir. 1986) ("Where the factual findings regarding subject matter jurisdiction are intertwined with the merits, we apply the standard as set forth in *Bell v. Hood* that the case should not be dismissed for lack of subject matter jurisdiction unless the alleged claim is immaterial or is wholly insubstantial and frivolous. The questions of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action.").

**CONCLUSION**

Defendants Saracen Energy Advisors LP, Saracen LLC, Saracen Energy Power Advisors LP, Neil E. Kelley, and Michael R. Kutsch respectfully request that the Motion to Remand be denied.  Defendants further request all other relief to which they may be justly entitled.

Dated: September 19, 2008                      Respectfully submitted,

                                          */s/ M. Carter Crow*
                                          M. Carter Crow
                                          State Bar No. 05156500
                                          William P. Maines
                                          State Bar No. 12849700
                                          Darryl W. Anderson
                                          State Bar No. 24008694

FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile, U.S. First Class Mail, and/or certified mail, return receipt requested, this 19th day of September, 2008.

*/s/ M. Carter Crow*
M. Carter Crow
